IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ANTHONY STAFFORD,   No. 2:16-CV-1403-CMK-P

    Plaintiff,

 vs.   ORDER

DOSS, et al.,

    Defendants.

_____/

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following correctional officers as defendants: (1) Doss; (2) Zuniga; (3) Ibarra; (4) Griffin; (5) Richardson; and (6) O'Faire.  Plaintiff also names a supervisory sergeant, Lopez.  Plaintiff claims that he filed a sexual misconduct charge against a staff member in November 2015, after which he began to experience retaliation from other correctional officers.  Plaintiff states that defendants "participated in retaliatory practices." Specifically, plaintiff alleges that defendant Lopez told him: "When you write my staff up I encourage them to push back."  According to plaintiff, defendant Doss retaliated by preventing him from reporting to his work assignment on October 21, 2015.  Plaintiff adds that, upon asking to speak with a supervisor, he was restrained, placed in a cage "for hours," and denied access to the bathroom or his anxiety medication.  Plaintiff also complains that he underwent "ongoing verbal harassment" and excessive cell searches and resulting confiscation of personal property.  Finally, plaintiff claims that he was transferred to a different facility "at a great distance from family members. . . ."

///

///

///

///

## II. DISCUSSION

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

Plaintiff appears to state a claim for relief against defendant Lopez, who is alleged to have known that plaintiff engaged in protected activity (i.e., filed a sexual misconduct charge against a staff member in 2015) and taken adverse action (i.e., encourage officers under his supervision to "push back") because of that protected activity ("when you write my staff up"). Plaintiff has not, however, stated a claim for relief against any other defendant because he has not alleged that any defendant other than Lopez had knowledge that plaintiff filed a staff complaint. Additionally, to the extent other defendants took adverse action against plaintiff, he has not alleged any facts to show that they did so because plaintiff engaged in protected activity. Rather, plaintiff's allegations suggest that other defendants acted on defendant Lopez' instruction, and there are no facts alleged to indicate that defendant Lopez told any of the other defendants why

he was ordering them to "push back."  In addition, other than defendants Lopez and Doss, plaintiff does not indicate what the named defendants are alleged to have done.  Plaintiff complains of various instances of retaliation, but does not state which defendants were involved.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the action will proceed on the original complaint against defendant Lopez only and all other defendants will be dismissed.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

DATED: June 22, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE