IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY STAFFORD,<br><br>Plaintiff,<br><br>v.<br><br>DOSS, et al.,<br><br>Defendants. | No. 2:16-CV-1403-JAM-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil rights action. Pending before the court is defendants' motion to dismiss (ECF No. 30).[1] The parties appeared telephonically for a hearing before the undersigned on March 6, 2019, at 10:00 a.m. Plaintiff appeared pro se. Joseph R. Wheeler, Esq., appeared for moving defendants Doss, Ibarra, and Zuniga.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Plaintiff names four defendants in this lawsuit – Doss, Ibarra, Zuniga, and Lopez. Defendant Lopez has filed an answer (ECF No. 26). The pending motion is brought on behalf of the remaining defendants.

1

# I. BACKGROUND

## A. Procedural History

The court screened plaintiff's original complaint and found it stated a claim for relief against defendant Lopez but not against the other named defendants. See ECF No. 14. The court summarized plaintiff's original allegations as follows:

> . . .Plaintiff claims that he filed a sexual misconduct charge against a staff member in November 2015, after which he began to experience retaliation from other correctional officers. Plaintiff states that defendants "participated in retaliatory practices." Specifically, plaintiff alleges that defendant Lopez told him: "When you write my staff up I encourage them to push back." According to plaintiff, defendant Doss retaliated by preventing him from reporting to his work assignment on October 21, 2015. Plaintiff adds that, upon asking to speak with a supervisor, he was restrained, placed in a cage "for hours," and denied access to the bathroom or his anxiety medication. Plaintiff also complains that he underwent "ongoing verbal harassment" and excessive cell searches and resulting confiscation of personal property. Finally, plaintiff claims that he was transferred to a different facility "at a great distance from family members. . . ."

Id. at 2.

Regarding the sufficiency of plaintiff's allegations, the court stated:

> Plaintiff appears to state a claim for relief against defendant Lopez, who is alleged to have known that plaintiff engaged in protected activity (i.e., filed a sexual misconduct charge against a staff member in 2015) and taken adverse action (i.e., encourage officers under his supervision to "push back") because of that protected activity ("when you write my staff up"). Plaintiff has not, however, stated a claim for relief against any other defendant because he has not alleged that any defendant other than Lopez had knowledge that plaintiff filed a staff complaint. Additionally, to the extent other defendants took adverse action against plaintiff, he has not alleged any facts to show that they did so because plaintiff engaged in protected activity. Rather, plaintiff's allegations suggest that other defendants acted on defendant Lopez' instruction, and there are no facts alleged to indicate that defendant Lopez told any of the other defendants why he was ordering them to "push back." In addition, other than defendants Lopez and Doss, plaintiff does not indicate what the named defendants are alleged to have done. Plaintiff complains of various instances of retaliation, but does not state which defendants were involved.

Id. at 3-4.

Plaintiff was provided an opportunity to amend the complaint.

Plaintiff filed a first amended complaint, which the court deemed appropriate for service on October 25, 2018. See ECF No. 21.

**B.     Plaintiff's Current Allegations**

This action currently proceeds on plaintiff's first amended complaint (ECF No. 15). Plaintiff names as defendants Doss, Ibarra, Zuniga, and Lopez, all of who are alleged to have been correctional officers during the relevant time period. According to plaintiff, he filed a sexual misconduct claim against a prison staff member in October 10, 2015. See id. at 3. Plaintiff alleges defendant Doss sexually harassed him and, after reporting the conduct to the Associate Warden and the Prison Rape Elimination hotline, he began to experience daily retaliation. See id. at 4. Plaintiff claims defendant Doss "would constantly say and make inappropriate gestures, causing my safety to be put in jeopardy." Id.

Plaintiff also claims defendant Zuniga "would constantly harass me." In particular, plaintiff alleges defendant Zuniga called him a "faggot" and "rat" in front of other inmates "in an attempt to cause me injury or death with the hope the inmates may target me." Id. Plaintiff further claims defendant Zuniga then locked him in a cage for four hours without allowing him to use the restroom or obtain medical attention for his anxiety. See id.

Next, plaintiff alleges defendant Ibarra ordered a "trainee" to search plaintiff's cell during which search plaintiff's television was damaged. See id. According to plaintiff, defendant Ibarra "would constantly make homosexual jokes about plaintiff. . . ." Id.

Finally, plaintiff alleges defendant Lopez (who does not join in the pending motion to dismiss) called plaintiff into his office on October 19, 2015, and told him: "When you write my staff up I encourage them to push back." Id.

Plaintiff alleges defendants' conduct gives rise to claims under the Eighth Amendment and Due Process Clause of the Fourteenth Amendment. See id. at 5. It is also clear plaintiff alleges claims based on retaliation in violation of the First Amendment.

Attached to plaintiff's first amended complaint as Exhibit A and referenced in the pleading is a February 16, 2016, memorandum response to an inmate grievance plaintiff filed concerning the facts alleged in this case. See id., Exhibit A. In the grievance, plaintiff complained of retaliation by Doss, Zuniga, Ibarra, Lopez, and others. See id. According to the memorandum response, plaintiff's grievance was "partially granted" with a finding the named

staff did in fact "violate CDCR policy with respect to one or more of the issues appealed." ECF No. 15, Exhibit A.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

Moving defendants argue the first amended complaint fails to state a cognizable retaliation claim against them because plaintiff does not allege defendants (other than Lopez) were aware plaintiff had filed a staff complaint. According to defendants:

> The allegations of Plaintiff's First Amended Complaint against Defendants Doss, Zuniga, and Ibarra suffer from the same infirmities as the original Complaint, which this Court previously found to be defective. As with his original Complaint, Plaintiff fails to allege facts demonstrating that the actions of Doss, Zuniga, and Ibarra were performed in retaliation for Plaintiff's protected activity. Indeed, there are no facts alleged in the First Amended Complaint establishing that any of these Defendants even knew that Plaintiff had engaged in protected activity. In other words, Plaintiff fails to allege facts establishing a causal connection between Defendants' alleged adverse actions and his protected conduct.

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).

5

In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

### A. **Defendant Doss**

Plaintiff claims he filed a sexual harassment claim against defendant Doss in October 2015 and, immediately thereafter, began experiencing adverse action. Specifically, plaintiff alleges defendant Doss "would constantly say and make inappropriate gestures, causing my safety to be put in jeopardy." The court does not agree with defendants that plaintiff's allegation fails to establish a causal link between the alleged retaliation and the protected activity because plaintiff has not plead facts to indicate defendant Doss was aware of the staff complaint plaintiff filed against him. As discussed above, in considering a motion to dismiss the court must construe the alleged facts in the light most favorable to plaintiff and must resolve all ambiguities and doubts in plaintiff's favor.

In this case, it is reasonable to infer from plaintiff's allegation that he began to experience retaliation by defendant Doss after filing a staff complaint against defendant Doss claiming that defendant Doss' conduct was the result of his knowledge of the staff complaint. In particular, plaintiff alleges he experienced retaliation by defendant Doss "[a]fter reporting him [Doss] to Associate Warden Madeson and the Prison Rape Elimination hotline." Additionally, it is reasonable to infer from plaintiff's allegation defendant Lopez told his "staff" to push back when they are written up by an inmate, and that "staff" included defendant Doss. Plaintiff's

Exhibit A, which is the prison's response to plaintiff's claim of retaliation by the named defendants, and which was not provided with the original complaint, supports the inferences outlined above with respect to the first amended complaint given the finding staff did in fact "violate CDCR policy with respect to one or more of the issues appealed."

## B. Defendant Zuniga

Plaintiff claims defendant Zuniga called him a "faggot" and "rat bitch" in front of other inmates "with hope the inmates may target me." Plaintiff also claims defendant Zuniga locked him in a cage for four hours and denied him access to his anxiety medication or restroom facilities. Again, as with defendant Doss, the court finds these allegations are sufficient to state a claim for retaliation against defendant Zuniga. Specifically, it is reasonable to infer from plaintiff's allegations defendant Zuniga acted because he was told by defendant Lopez to "push back" following the staff complaint filed by plaintiff against defendant Doss.

Plaintiff's allegations in the first amended complaint also appear to state a cognizable Eighth Amendment claim against defendant Zuniga based on plaintiff's claim he was placed in a cage for four hours without access to medication or the bathroom. Defendants do not address this allegation in the pending motion to dismiss.

## C. Defendant Ibarra

Plaintiff claims defendant Ibarra harassed him and made homosexual jokes about plaintiff to encourage other inmates to assault plaintiff. Consistent with the court's discussion of plaintiff's allegations against defendants Doss and Zuniga, the court finds plaintiff's allegations are sufficient to state a cognizable retaliation claim against defendant Ibarra.

Plaintiff also claims defendant Ibarra falsified a rules violation report against plaintiff, which was later resolved in plaintiff's favor. This allegation does not support a due process claim. With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security;

and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974). Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

In this case, plaintiff does not allege any procedural defects concerning any disciplinary proceeding resulting from the rules violation report written by defendant Ibarra. And because plaintiff was found not guilty of a violation, whether "some evidence" supported a guilty finding is not at issue.

Finally, plaintiff claims defendant Ibarra is responsible for damage to his personal property, specifically a television which was damaged during a cell search conducted by a trainee at defendant Ibarra's direction. This allegation does not support a due process violation based on deprivation of property because adequate post-deprivation remedies are provided by the state by way of the tort claims process. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See Hudson, 468 U.S. at 531 n.11.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.  CONCLUSION

The court finds plaintiff's current allegations are sufficient to state First Amendment retaliation claims against all named defendants.  Plaintiff's allegations are also sufficient to state an Eighth Amendment conditions of confinement claim against defendant Zuniga.  Plaintiff's allegations do not state any due process claims against any defendant.

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (ECF No. 30) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 14, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE