UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY STAFFORD,<br><br>Plaintiff,<br><br>v.<br><br>DOSS, et al.,<br><br>Defendants. | No. 2:16-cv-01403-DAD-DMC (PS)<br><br><br><br>TENTATIVE PRETRIAL ORDER |

On November 1, 2022, the court conducted a final pretrial conference. Plaintiff Joseph Anthony Stafford appeared *pro se*; Deputy Attorneys General Brian S. Chan and Joanna Hood appeared as counsel for defendants. Having considered the parties' joint pretrial statement and the views of the parties, the court issues this tentative pretrial order.

Plaintiff, a former state prisoner, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging that defendants retaliated against him in October 2015, in violation of the First Amendment of the U.S. Constitution.

I.   JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343(a)(3). Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2). Venue is not contested.

/////

II.     JURY

Both parties have demanded a jury trial.  The jury will consist of eight jurors.

III.    UNDISPUTED FACTS[1]

1.      Plaintiff Joseph Anthony Stafford is a convicted felon, and during the events at issue, he was a California state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").

2.      During the events at issue, plaintiff was incarcerated at California State Prison, Solano.

3.      During the events at issue, defendant J. Doss was employed at California State Prison, Solano as a Correctional Officer.

4.      During the events at issue, defendant R. Ibarra was employed at California State Prison, Solano as a Correctional Officer.

5.      During the events at issue, defendant M. Zuniga was employed at California State Prison, Solano as a Correctional Officer.

6.      During the events at issue, defendant L. Lopez was employed at California State Prison, Solano as a Correctional Sergeant

IV.     DISPUTED FACTUAL ISSUES

1.      Whether, on October 10, 2015, plaintiff leaned over the shower's privacy screen and spoke to inmate Hutchinson.

2.      Whether defendant Doss observed plaintiff speaking with inmate Hutchinson and ordered plaintiff to stop speaking with and to get away from inmate Hutchinson.

3.      Whether, on October 12, 2015, plaintiff made a call to the Sexual Misconduct Hotline and accused defendant Doss of sexually harassing him on October 10, 2015.

/////

---

[1] In their joint pretrial statement, the parties do not provide a list of *uncontested* undisputed facts. Each side provides their own lists of the facts they contend are undisputed. (Doc. No. 94 at 2–4.) However, at the pretrial conference, plaintiff confirmed that he does not dispute the six facts listed here. If plaintiff determines that he does not dispute certain of the facts listed in the "Disputed Factual Issues" section of this order, plaintiff shall specify in his objections which specific facts he no longer disputes.

2

4.	Whether, on October 21, 2015, plaintiff spoke with defendant Zuniga while plaintiff was in the chow line.

5.	Whether, on October 21, 2015, plaintiff exited his housing unit building against the express orders of defendant Ibarra.

6.	Whether, after plaintiff exited the building, defendant Ibarra ordered the inmates on the yard to get down onto the ground.

7.	Whether plaintiff ignored defendant Ibarra's orders to get down onto the ground and remained standing.

8.	Whether correctional officers responded to the incident, placed plaintiff in restraints, and escorted plaintiff to a holding cell.

9.	Whether defendant Zuniga was one of the officers who escorted plaintiff to the holding cell on October 21, 2015.

10.	Whether plaintiff was placed in the holding cell on October 21, 2015, at approximately 6:45 a.m. and he was released from the holding cell at approximately 10:30 a.m.

11.	Whether, on October 23, 2015, plaintiff was placed in Administrative Segregation pending the completion of the prison's investigation into plaintiff's possible safety concerns with staff members.

12.	Whether, on October 30, 2015, plaintiff was transferred from California State Prison, Solano, to another institution.

13.	Whether, on October 23, 2015, October 29, 2015, and December 1, 2015, plaintiff signed several property cards and inventory sheets that indicated plaintiff was in possession of a working television and other personal property after he transferred from California State Prison, Solano.

14.	Whether defendant Doss sexually harassed plaintiff on October 10, 2015.

15.	Whether defendants Doss, Zuniga, Ibarra, and Lopez were aware of plaintiff's sexual harassment complaint against defendant Doss during the period of October 10, 2015, through October 23, 2015.

/////

3

16. Whether defendants Doss, Zuniga, Ibarra, and Lopez verbally harassed or insulted plaintiff during the period of October 10, 2015, through October 23, 2015.

17. Whether defendant Lopez called Plaintiff into his office on October 19, 2015, and stated to plaintiff, "When you write my staff up I encourage them to push back."

18. Whether defendant Zuniga placed Plaintiff in the holding cell on October 21, 2015, in order to retaliate against him.

19. Whether defendant Zuniga denied plaintiff access to medication while plaintiff was in the holding cell on October 21, 2015.

20. Whether defendant Zuniga denied plaintiff the use of a restroom while plaintiff was in the holding cell on October 21, 2015.

21. Whether defendant Ibarra ordered a trainee to search plaintiff's cell on October 21, 2015.

22. Whether plaintiff's television or other personal property was damaged or lost during a search of plaintiff's cell on October 21, 2015.

23. Whether defendant Ibarra denied plaintiff access to his medication during the period of October 10, 2015, through October 23, 2015.

24. Whether defendant Ibarra prepared a false Rules Violation Report against plaintiff regarding the events of October 21, 2015.

25. Whether plaintiff suffered any damages as a result of defendants' actions.

26. Whether defendants acted with the required mindset for imposing punitive damages against them.

V.   DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

Pursuant to the order issued by the previously assigned district judge on August 2, 2022:

> All motions *in limine* must be filed in conjunction with the joint pretrial statement. In most cases, motions *in limine* are addressed and resolved on the morning of the first day of trial. The parties may alert the court at the Final Pretrial Conference and in their final Joint Pretrial Statement that a particular motion or motions should be resolved earlier. At the Final Pretrial Conference, the court will set a briefing and hearing schedule on the motions *in limine* as necessary.

4

(Doc. No. 89.) Plaintiff did not file any motions *in limine*. On October 21, 2022, defendants filed the motions *in limine* listed below. The court now sets the following briefing schedule. Plaintiff's opposition, if any, to defendants' motions *in limine* shall be filed no later than **21 days before trial**. Defendants' replies shall be filed no later than **14 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

Defendants' Motions *in Limine*[2]

1. Motion to preclude any mention in the presence of the jury of the Eighth Amendment conditions of confinement claims and Fourteenth Amendment due process claims that plaintiff brought and that have already been dismissed by the court on summary judgment.

2. Motion to preclude plaintiff from offering any of his own opinions regarding his medical records, medical condition, or alleged injuries, because he is not an expert, and any such testimony is irrelevant to the only remaining claim of retaliation.

3. Motion to preclude plaintiff from introducing evidence or eliciting testimony regarding other allegations of misconduct made against defendants, their litigation history, including other civil-rights lawsuits, and other prison grievances (appeals) that have been filed against them for alleged misconduct.

4. Motion to preclude plaintiff from inquiring into any matters contained in defendants' personnel records, including prior complaints, or disciplinary issues relating to defendants.

5. Motion to preclude evidence of any offers to compromise, as well as conduct or statements made during settlement negotiations.

6. Motion to exclude evidence of the State's or CDCR's indemnification in the event of an adverse judgment, such that the state may pay the judgment or reimburse defendants in the

---

[2] Defendants also include as their eighth motion *in limine* a request that the court bifurcate trial so that the issue of liability and entitlement to punitive damages be submitted to the jury first, and then the issue of the amount of punitive damages be tried next only if the jury finds that plaintiff is entitled to punitive damages. (Doc. No. 95 at 10–11.) The court lists this motion to bifurcate in the "Separate Trial of Issues" section XVIII below.

event a judgment is rendered against them.

    7.    Motion to permit defendants to elicit testimony regarding plaintiff's, and any inmate-witness's, length of incarceration and dates of felony conviction to impeach their credibility as a witnesses.

## VI. SPECIAL FACTUAL INFORMATION

Special factual information, pursuant to Local Rule 281(b)(6), is not applicable to this action.

## VII. RELIEF SOUGHT

    1.    Plaintiff prays for judgment in his favor, $800,000.00, as well as an award of costs, and such other relief as the court deems proper.

    2.    Defendants pray for judgment in their favor with Plaintiff taking nothing, as well as an award of costs, and such other relief as the Court deems proper.

## VIII. POINTS OF LAW[3]

The claims and defenses arise under federal law. All of plaintiff's claims are brought against defendants Doss, Zuniga, Ibarra, and Lopez.

1. The elements of, standards for, and burden of proof in a claim of retaliation in violation of the First Amendment of the U.S. Constitution.
2. The elements of, standards for, and burden of proof in an affirmative defense of failure to state a cognizable claim for relief, including a cognizable claim for punitive damages.
3. The elements of, standards for, and burden of proof in an affirmative defense that plaintiff's action is barred by the doctrines of res judicata and/or collateral estoppel.

/////

---

[3] In the joint pretrial statement, defendants stated that they have not abandoned any of their affirmative defenses. (Doc. No. 90 at 12.) For this reason, all of defendants' affirmative defenses are listed in this tentative pretrial order. However, defendants shall review their affirmative defenses and inform the court in their objections which of their affirmative defenses truly remain to be tried.

4. The elements of, standards for, and burden of proof in an affirmative defense that plaintiff's claims are barred because plaintiff has failed to exhaust administrative remedies.

5. The elements of, standards for, and burden of proof in an affirmative defense that defendants are entitled to qualified immunity

6. The elements of, standards for, and burden of proof in an affirmative defense that plaintiff's claims are barred by the statute of limitations.

7. The elements of, standards for, and burden of proof in an affirmative defense that plaintiff contributed to his damages by intentionally refusing to comply with legal orders given by defendants.

8. The elements of, standards for, and burden of proof in an affirmative defense of failure to mitigate damages.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX. <u>ABANDONED ISSUES</u>

None.

X. <u>WITNESSES</u>

Plaintiff's witnesses shall be those listed in **Attachment A**. Defendants' witnesses shall be those listed in **Attachment B**.[4] Each party may call any witnesses designated by the other.

    A. **The court does not allow undisclosed witnesses to be called for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

/////

/////

---

[4] As the discussed at the final pretrial conference, and as agreed to by plaintiff, defendants shall disclose their expert witnesses no later than 60 days before the date set for trial in this case.

    (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

    (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

  B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

    (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

    (2) The court and opposing parties were promptly notified upon discovery of the witness;

    (3) If time permitted, the party proffered the witness for deposition; and

    (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## XI. EXHIBITS, SCHEDULES, AND SUMMARIES

Plaintiff's exhibits are listed in **Attachment C**. Defendants' exhibits are listed in **Attachment D**.[5] No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits and to provide a list of joint exhibits, if any. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

---

[5] As discussed at the pretrial conference, plaintiff needs to provide more specific descriptions of his exhibits. Defendants also needs to be more specific in describing their exhibit of "Select excerpts from Plaintiff's central file and medical records." In their respective objections to this tentative pretrial order, the parties shall provide amended exhibits lists.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine. The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **the Thursday before the trial date.** In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

   (1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

   (2) The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

   (1) The exhibits could not reasonably have been discovered earlier;

   (2) The court and the opposing parties were promptly informed of their existence;

   (3) The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

/////

XII. DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff has not indicated an intent to use any discovery documents.

Defendant has indicated the intent to use the following discovery documents at trial:

1. Plaintiff's deposition transcript for purposes of impeachment or rebuttal

XIII. FURTHER DISCOVERY OR MOTIONS

Defendants anticipate possibly moving for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 at the close of the evidence.

XIV. STIPULATIONS

None.

XV. AMENDMENTS/DISMISSALS

None.

XVI. SETTLEMENT

The parties participated in a settlement conference on February 17, 2022 before United States Magistrate Judge Jeremy D. Peterson and were unable to reach a settlement. No further court supervised settlement conference will be scheduled unless both parties indicate that a further settlement conference may be productive.

XVII. JOINT STATEMENT OF THE CASE

The parties have not yet provided the court with an agreed-upon statement of the case to read to prospective jurors. The parties are directed to meet and confer and propose a neutral statement of the case for this purpose. **The parties' shall file their proposed agreed-upon statement within 21 days from the date of this order**.

XVIII. SEPARATE TRIAL OF ISSUES

Defendants request that the court bifurcate the trial so that the issues of liability and entitlement to punitive damages be submitted to the jury first, and then the issue of the amount of punitive damages be tried next only if the jury finds that plaintiff is entitled to punitive damages.

/////

As the court explained during the pretrial conference, the bifurcation that defendants request is the court's standard practice in § 1983 cases brought by current or former prisoners, and the court will bifurcate this trial in that manner.

XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XX. ATTORNEYS' FEES

Plaintiff is proceeding *pro se* and has not incurred any attorney's fees at this time, so he is not entitled to attorneys' fees.

Defendants will request an award of costs after trial should they prevail.

XXI. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

Defendants assert that special handling of plaintiff's CDCR records may be appropriate as to any confidential sections where disclosure may compromise the safety and security of the institution, staff, or other inmates, or impinge on plaintiff's privacy.[6]

Defendants also assert that in the event that defendants are required to disclose information concerning their financial status, they will request that the court issue a protective order concerning this information under Local Rule 141.1(b)(2)

XXII. MISCELLANEOUS

At the pretrial conference, plaintiff orally moved for the court to appoint pro bono counsel to assist him at trial. In light of the parties' full consent to magistrate judge jurisdiction, plaintiff's oral motion for appointment of counsel will be decided by the assigned magistrate judge.

XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **February 13, 2023 at 9:00 a.m.** in Courtroom 4 before the Honorable Dale A. Drozd. Trial is anticipated to last 2–3 court days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

/////

---

[6] Defendants request that the court retain the trial exhibits pending any appeal decision. The court denies defendants' request in this regard.

The parties are directed to call Pete Buzo, courtroom deputy, at (916) 930-4016, one week prior to trial to ascertain the status of the trial date.

Upon reassignment of this case to the assigned magistrate judge, the court will reset the trial to be before the assigned magistrate judge.

## XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

The court directs the parties to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions shall be filed **14 days before trial**.

The parties shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

## XXV. TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

## XXVI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections. If no objections are filed, the order will become final without further order of this court.

/////

/////

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated: **November 2, 2022**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Plaintiff's Witness List

1. Derrick Hutchinson
2. Sean Gage
3. Correctional Officer C. Griffin
4. Correctional Officer Pavich
5. Dr. Laura Strong
6. Inmate Kezzie
7. Joseph Stafford Jr.
8. Sally Woolf
9. Barbara Jimerson

# ATTACHMENT B

Defendants' Witness List

1. Defendant J. Doss
2. Defendant R. Ibarra
3. Defendant M. Zuniga
4. Defendant L. Lopez
5. Correctional Officer C. Griffin
6. Correctional Officer Chavez
7. Correctional Lieutenant C. Frey
8. Correctional Sergeant T. White
9. Correctional Lieutenant S.W. Brown
10. Correctional Sergeant M. Willock
11. Custodian of records for Plaintiff's central file and medical files
12. Custodian of records for Global Tele-Link System records and recordings
13. Custodian of records for the central file records of any inmate witness allowed to testify.
14. An expert who can discuss Plaintiff's medical records and medication history

**ATTACHMENT C**

Plaintiff's Exhibit List

1. CDCR Memorandums
2. Hand written notes from CDCR staff
3. 115's written by defendants
4. Documentation of defendants counsel refusing to turn over discovery

# ATTACHMENT D

Defendants' Exhibit List

A. Abstract of Judgment representing Plaintiff's felony conviction(s) and sentence(s)

B. Abstract(s) of Judgment representing felony conviction(s) and sentence(s) of Plaintiff's inmate witnesses (if any)

C. CDCR 1083 Inmate Property Inventory Forms from October 23, 2015

D. CDCR Personal Property Inventory Sheets from October 29, 2015

E. Select excerpts from the CDCR Department Operations Manual and Title 15 of the California Code of Regulations related to C-Status placement

F. Select excerpts from Plaintiff's deposition, taken September 9, 2020

G. Select excerpts from Plaintiff's amended complaint, filed July 11, 2019

H. Select excerpts from Plaintiff's central file and medical records