IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY STAFFORD, | No. 2:16-CV-1403-DMC |
| Plaintiff, | |
| v. | ORDER |
| DOSS, et al., | |
| Defendants. | |

       Plaintiff, who is proceeding pro se, brings this civil rights action. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c); see also ECF No. 100 (order of reassignment to Magistrate Judge). The parties appeared before the undersigned on December 7, 2022, at 10:00 a.m., for a telephonic trial-setting conference. Pending before the Court is Plaintiff oral motion for the appointment of trial counsel.

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent litigants in § 1983 civil rights cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of

both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. First, the legal and factual issues in this case relating to Plaintiff's claims of retaliation by Defendants are not so complex as to exceed Plaintiff's ability to litigate this matter to date, including surviving a summary judgement motion initiated by Defendant. While Plaintiff's retaliation claims have survived summary judgment, the Court cannot say that Plaintiff has demonstrated a likelihood of success on the merits at trial. Finally, a review of the docket reflects that Plaintiff has the ability to articulate his claims on his own.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's oral motion for the appointment of counsel is denied. However, should the Plaintiff secure either paid or Pro bono counsel that is prepared to assume Plaintiff's representation, this Order is without prejudice to Plaintiff initiating a request for substitution.

IT IS SO ORDERED:

Dated:  December 9, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE