**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH ANTHONY STAFFORD, | No.  2:16-CV-1403-DMC |
| Plaintiff, | |
| v. | |
| DOSS, et al., | |
| Defendants. | |

## JURY INSTRUCTIONS

Dated:  February 16, 2023

Hon. Dennis M. Cota
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTION NO. 1

## Duty of Jury

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

# INSTRUCTION NO. 2

## Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Joseph Stafford asserts that Defendants Sergeant Lopez and Officers, Doss, Ibarra, and Zuniga violated his First Amendment rights by retaliating against him from October 10, 2015, until October 23, 2015, after he submitted a sexual harassment complaint against Officer Doss on October 10, 2015.  Plaintiff has the burden of proving these claims.

Defendants deny those claims and contend that they did not violate Plaintiff's rights.

## INSTRUCTION NO. 3

## Action Solely Against Defendants


    This is not an action against the State of California or against the California Department of Corrections and Rehabilitation or any prison of the California Department of Corrections and Rehabilitation.

This is an action against Defendants Doss, Lopez, Ibarra, and Zuniga only.

## INSTRUCTION NO. 4

## Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this

case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 5**

**No Transcript Available to Jury**


I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

If at any time you cannot hear or see the testimony, evidence, questions, or arguments, let me know so that I can correct the problem.

## INSTRUCTION NO. 6

## Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## INSTRUCTION NO. 7

## Questions to Witnesses by Jurors

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

## INSTRUCTION NO. 8

## Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the plaintiff and defense counsel out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## INSTRUCTION NO. 9

## Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the plaintiff and defense counsel will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

# INSTRUCTION NO. 10

## Self-Represented Party

Plaintiff Anthony Stafford is representing himself in this trial. This fact must not affect your consideration of the case. Self-represented parties and parties represented by an attorney are entitled to the same fair consideration.

Because Plaintiff Stafford is acting as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing argument and may ask questions of witnesses, make objections, and argue legal issues to the court. I want to remind you that when Mr. Stafford speaks in these parts of the trial, he is acting as his own advocate, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand or by deposition and from exhibits that are admitted into evidence. When a self-represented party testifies, you should treat this testimony just as you would the testimony of any other witness.

# INSTRUCTION NO. 11

## Cautionary Instructions

### At the End of Each Day

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

### At the Beginning of Each Day

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will not ask ach of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.  If you think that you might have done so, please let me know now by raising your hand.  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

# INSTRUCTION NO. 12

## Stipulations of Fact

The parties have agreed to certain facts what will be read to you.  You must therefore treat these facts as having bene proved.

## INSTRUCTION NO. 13

## Burden of Proof – Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 14

## Two or More Parties – Different Legal Rights

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

## INSTRUCTION NO. 15

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

     1.     The sworn testimony of any witness;

     2.     The exhibits that are admitted into evidence;

     3.     Any facts to which the parties have agreed; and

     4.     Any facts that I may instruct you to accept as proved.

# INSTRUCTION NO. 16

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

      1.    Arguments and statements by lawyers or a party when acting as his own lawyer are not evidence. They are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

      2.    Questions and objections by lawyers or a party when acting as his own lawyer are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

      3.    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

      4.    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 17

## Evidence for a Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**INSTRUCTION NO. 18**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally said or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 19

## Ruling on Objections


There are rules of evidence that control what can be received into evidence. When a lawyer or a party acting as his own lawyer asks a question or offers an exhibit into evidence and the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled the objection, the question was answered, or the exhibit received.  If I sustained the objection, the question was not answered, or the exhibit was not be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

# INSTRUCTION NO. 20

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case, if any;

5. The witness's bias or prejudice, if any;

6. Whether other evidence contradicted the witness's testimony;

7. The reasonableness of the witness's testimony in light of all the evidence; and

8. Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 21

## Impeachment Evidence – Witnesses

The evidence that a witness has been convicted of a crime or has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## INSTRUCTION NO. 22

## Impeachment – Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omissions is "knowingly" done if the act is done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

**INSTRUCTION NO. 23**

**Section 1983 Claim – Introductory Instruction**


The plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provided that any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## INSTRUCTION NO. 24

### Section 1983 Claim – Elements and Burden of Proof

In order to prevail on his § 1983 claim against Defendants Sergeant Lopez and Officers Doss, Ibarra, and Zuniga, the plaintiff must prove each of the following elements by a preponderance of the evidence:

        1.     Defendants acted under color of state law; and

        2.     The acts of the defendants deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that each of the defendants acted under color of state law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under these instructions, your verdict should be for the plaintiff.  If, on the hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendants.

# INSTRUCTION NO. 25

## Particular Rights – First Amendment – Retaliation

As previously explained, the plaintiff has the burden of proving that the acts of Defendants Doss, Lopez, Ibarra, and Zuniga deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges Defendants Doss, Lopez, Ibarra, and Zuniga deprived him of his rights under the First Amendment to the Constitution when they allegedly attempted to restrict Plaintiff's speech.  Plaintiff alleges that after reporting Officer Doss for sexual harassment on October 10, 2015, he experienced daily harassment by all four defendants until October 23, 2015.

Under the First Amendment, an inmate has the right to free expression and to submit an inmate grievance.  To establish a defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

      1.    Defendants Sergeant Lopez and Officers Doss, Ibarra, and Zuniga took some adverse action or actions against Plaintiff;

      2.    Because of;

      3.    Plaintiff's protected conduct, and that such action;

      4.    Chilled Plaintiff's exercise of his First Amendment rights, and that the defendants' action or actions would chill a person of ordinary firmness in the exercise of his or her First Amendment rights; and

      5.    The action or actions did not reasonably advance a legitimate correctional facility goal.

I instruct you that Plaintiff's submission of a complaint against Defendant Doss on October 10, 2015, was protected conduct under the First Amendment and, therefore, that element requires no proof.

The phrase "because of" means you must find that Plaintiff's protected conduct was a substantial or motivating factor, though not the only factor, in the Defendants' conduct.

If the plaintiff establishes each of the foregoing elements, the burden shifts to the defendants to prove by a preponderance of the evidence that the defendant would have taken the actions in question, even in the absence of any motive to retaliate against the plaintiff.  If you find that the defendants are able to demonstrate this, you must find for the defendants.  If you find that the defendants are not able to demonstrate this, you must find for the plaintiff.

## INSTRUCTION NO. 26

## Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 27

## Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be

influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 28

## Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

# INSTRUCTION NO. 29

## Return of Verdict

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

# INSTRUCTION NO. 30

## Post-Discharge Instruction

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.